**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Case No.: _____

EVANSTON INSURANCE COMPANY,

      Plaintiff,

v.

VIA ENTERTAINMENT, LLC; VIA FOOD &
BEVERAGE, LLC; DAVID WARD;
LATONYA RICHARDSON, individually, and as
Personal representative of the ESTATE OF MICHAEL
PAUL ROBERTS, JR.; and NIA DAVIS, individually,

      Defendants.

_____/

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Evanston Insurance Company ("Evanston"), by and through undersigned counsel, files this Complaint for Declaratory Judgment against Defendants, Via Entertainment, LLC; Via Food & Beverage, LLC; Latonya Richardson, individually, and as personal representative of the Estate of Michael Paul Roberts, Jr.; and Nia Davis, individually, and states as follows:

**I.      NATURE OF ACTION AND RELIEF SOUGHT**

1.      This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2.      Evanston seeks a declaration from this Court that Evanston owes no duty to defend or indemnify Via Entertainment, LLC, Via Food and Beverage, LLC, and David Ward under a Commercial General Liability insurance policy issued by Evanston in connection with the wrongful death lawsuit styled *Latonya Richardson, individually and as personal representative of the Estate of Michael Paul Roberts, Jr., et al. v. Via Entertainment, LLC, et al.,* Case No. 2019-CA-1347, pending in the Circuit Court of Lake County, Florida (the "Underlying Action").

3.      There is clear and actual, present, and *bona fide* controversy between the parties with respect to Evanston's coverage obligations to defend and indemnify Via Entertainment, LLC, Via Food and Beverage, LLC, and David Ward in the Underlying Action.

4.      Evanston's rights and duties pursuant to the policy are dependent upon this Court's interpretation of the policy's terms and conditions.

5.      The adverse parties are all before this Court by proper process.

## II.     PARTIES

6.      At the time of the commencement of this action and at all times material hereto, Evanston was and is an insurance corporation organized and existing under the laws of the State of Illinois with its principal place of business in Deerfield, Illinois.

7.      At the time of the commencement of the action and at all times material hereto, Via Entertainment, LLC was and is a limited liability corporation existing under the laws of the State of Florida with its principal place of business in Leesburg, Florida.

8.      At the time of the commencement of the action and at all times material hereto, the members of Via Entertainment, LLC are and were Coskun Bayraktar, Fuat Agsak, Fatih Kul, Mehmet Ilbak, Cenk Hayirlioglu, and Ismail Tuna.  *See Exhibit 1*.

9.      At the time of the commencement of the action and at all times material hereto, Via Food & Beverage, LLC was and is a limited liability corporation existing under the laws of the State of Florida with its principal place of business in Leesburg, Florida.

10.      At the time of the commencement of the action and at all times material hereto, the members of Via Food & Beverage, LLC are and were Coskun Bayraktar, Fuat Agsak, Fatih Kul, Cenk Hayirlioglu, and Ismail Tuna.  *See Exhibit 1*.

11.     At the time of the commencement of the action and at all times material hereto, Coskun Bayraktar was domiciled in the State of Florida and resides in Orange County, Florida.

12.     At the time of the commencement of the action and at all times material hereto, Fuat Agsak was domiciled in the State of Florida and resides in Seminole County, Florida.

13.     At the time of the commencement of the action and at all times material hereto, Fatih Kul was domiciled in the State of California and resides in San Diego County, California.

14.     At the time of the commencement of the action and at all times material hereto, Mehmet Ilbak was domiciled in the State of California and resides in Los Angeles County, California.

15.     At the time of the commencement of the action and at all times material hereto, Cenk Hayirlioglu was domiciled in the State of Florida and resides in Seminole County, Florida.

16.     At the time of the commencement of the action and at all times material hereto, Ismail Tuna was domiciled in the State of New York and resides in Kings County, New York.

17.     At the time of the commencement of this action and at all times material hereto, David Ward was domiciled in the State of Florida, and resides Leesburg, Florida.

18.     At the time of the commencement of this action and at all times material hereto, Latonya Richardson individually was domiciled in the State of Florida, and resides in Leesburg, Florida.

19.     At the time of his death and at all times material hereto, Michael Paul Roberts, Jr. was domiciled in the State of Florida.  Latonya Richardson as personal representative of the Estate of Michael Paul Roberts, Jr. is therefore deemed a citizen of the State of Florida pursuant to 28 U.S.C. § 1332(c)(2).

20.     At the time of the commencement of this action and at all times material hereto, Nia Davis was domiciled in the State of Florida, and resided in Leesburg, Florida.[1]

## III.     JURISDICTION AND VENUE

21.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the opposing parties and because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

22.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and 1391(c) because Defendants David Ward, Latonya Richardson, and Nia Davis reside in this District, a substantial part of the events giving rise to this action occurred in this District, and the underlying lawsuit which is the subject of this declaratory judgment action is proceeding in a state court located in this District.

## IV.     FACTUAL BACKGROUND

### A.     Issuance of Insurance Policy and Events Giving Rise to Underlying Action

23.     David Ward purchased an event liability insurance policy from Evanston through Promotion, Event and Prize Purchasing Group d/b/a Event Helper.  Event Helper is a risk purchasing group that allows individuals a/k/a "members" to purchase certain limited coverage from a "Master Policy" to insure various events classified on the Master Policy.   Members purchase subpolicies that contain certain portions of the Master Policy's coverage for set amounts of time within the Master Policy's policy period.  The Risk Purchasing Group Agreement governing Ward's membership in the Risk Purchasing Group is attached as *Exhibit 2*.

---

[1] Latonya Richardson, individually and as personal representative of the Estate of Michael Paul Roberts, Jr., and Nia Davis, individually, are collectively referred to herein as the "Underlying Plaintiffs".  The Underlying Plaintiffs are joined to this action solely to ensure complete relief among the parties.  Upon a mutually agreeable stipulation that the Underlying Plaintiffs agree to be bound by the Court's declaratory judgment, Evanston will dismiss the Underlying Plaintiffs from this action.

24.     On February 9, 2018, David Ward submitted a Proposal and Application to Event Helper and was issued policy number 3DS5466-M1976707 (the "Member Policy").

25.     A true and correct copy of the Member Policy and the Master Policy are attached as *Exhibit 3.*

26.     The Proposal and Application requested 1 day of coverage, specified the requested coverage term and dates of coverage as March 9, 2018, estimated total attendance at the event of 300, and answered "No" to the question "Is there camping, sleeping overnight or events past 2am?"  *See Exhibit 3.*

27.     The Member Policy incorporates some, but not all of the terms, of the Master Policy.

28.     A Certificate of Liability Insurance was issued.  The document is attached as *Exhibit 4.*

29.     The Member Policy purchased by Ward provides coverage for the one-day policy period from March 9, 2018 to March 10, 2018 at 12:01 a.m. Eastern Standard Time.

30.     The subject event, which took place at the "Leesburg Mall", began on March 9, 2018, and continued overnight to March 10, 2018.[2]

31.     Nia Davis and Michel Paul Roberts, Jr. allegedly sustained bodily injuries on March 10, 2018 when a pickup truck driving through a crowd at the Leesburg Mall crashed into Nia Davis and Michael Paul Roberts, Jr. (the "subject crash").

32.     The Leesburg Police Department investigated the subject crash.

---

[2] The Complaint in the Underlying Action alleges that the name of the premises where the subject crash occurred was "Leesburg Mall".  At the time of the subject crash, the mall was known as "Lake Square Mall", and was formerly known as "VIA Port" mall.  For purposes of this Complaint for Declaratory Judgment, Evanston considers the "Lake Square Mall" and "VIA Port" mall to be the same premises described by the Underlying Plaintiffs in their Complaint as the "Leesburg Mall".

33.     A true and correct copy of the Florida Traffic Crash Report prepared by the Leesburg Police Department for the subject crash is attached as *Exhibit 5.*

34.     As stated in the Florida Traffic Crash Report, the time of the subject crash was approximately 12:53 a.m. EST on March 10, 2018.

35.     The Evanston Policy expired on March 10, 2018 at 12:01 a.m. EST.

36.     The bodily injuries sustained by Nia Davis and Michael Paul Roberts, Jr. occurred after the Evanston Policy had expired.

**B.     The Underlying Action**

37.     On June 24, 2019, the Underlying Plaintiffs filed a lawsuit in Lake County, Florida Circuit Court against the Underlying Defendants, which are Via Entertainment, LLC, Via Food & Beverage, LLC (collectively referred to as the "Via Entities"), Lake Square Mall Realty Management, LLC, Village Lake Promenade, LLC, and David Ward, individually (the "Underlying Action").

38.     A true and correct copy of the Complaint in the Underlying Action ("Complaint") is attached as *Exhibit 6.*

39.     The Complaint alleges that the Underlying Plaintiffs' damages resulted from the March 9th and March 10th, 2018 acts that led to the death of Michael Paul Roberts, Jr. on March 10, 2018, when a party promoted, organized, and allowed by the Underlying Defendants at Leesburg Mall grew to over 1,000 people, and due to lack of basic event planning, Michael Paul Roberts, Jr. was fatally injured, and Nia Davis was also injured by pickup truck that drove through the crowd.

40.     In Count 1 of the Complaint, the Underlying Plaintiffs allege that Via Food and Beverage, LLC owed a duty to Michael Paul Roberts, Jr. to exercise reasonable care in the operation of its restaurant and entertainment center located at the Leesburg Mall to ensure that the property,

parking lot, and events it sponsored were operated and maintained in a reasonably careful and prudent manner.

41.     In Count 1 of the Complaint, the Underlying Plaintiffs allege that, on or about March 9th and March 10th, 2018, Via Food and Beverage, LLC breached those duties and caused the dangerous condition that fatally injured Michael Paul Roberts, Jr.

42.     In Count 1 of the Complaint, the Underlying Plaintiffs allege that Via Food & Beverage, LLC was negligent by, *inter alia*: failing to obtain a permit for the event of March 9, 2018, failing to require promoter David Ward to plan the event of March 9, 2018, failing to foresee large crowds that would be at the event, failing to communicate with David Ward about the maximum number of people allowed on the premises, failing to set up a traffic flow plan for the parking lot, failing to hire police for traffic and crowd control, negligently increasing the danger to attendees by closing down its premises, ejecting invited guests, and creating a large crowd in the parking lot, and failing to warn Michael Paul Roberts, Jr. about the dangers of attending the event.

43.     In Count 1 of the Complaint, the Underlying Plaintiffs allege that Via Food & Beverage, LLC's negligence was the proximate cause of the subject incident and the death of Michael Paul Roberts, Jr.[3]

44.     In Count 2 of the Complaint, the Underlying Plaintiffs allege that Via Entertainment, LLC owed a duty to Michael Paul Roberts, Jr. to exercise reasonable care in the operation of its business and property located at the Leesburg Mall to ensure that the property, parking lot, and events it sponsored were operated and maintained in a reasonably careful and prudent manner.

---

[3] The allegations of negligence in Count 10 of the Complaint by Nia Davis against Via Food and Beverage, LLC are identical in all respects to the allegations against it Count 1.

45.     In Count 2 of the Complaint, the Underlying Plaintiffs allege that, on or about March 9th and March 10th, 2018, Via Entertainment, LLC breached those duties and caused the dangerous condition that fatally injured Michael Paul Roberts, Jr.  The Underlying Plaintiffs allege that Via Entertainment, LLC was negligent by, *inter alia*: failing to obtain a permit for the event of March 9, 2018, failing to require promoter David Ward to plan the event of March 9, 2018, failing to foresee large crowds that would be at the event, failing to communicate with David Ward about the maximum number of people allowed on the premises, failing to set up a traffic flow plan for the parking lot, failing to hire police for traffic and crowd control, negligently increasing the danger to attendees by closing down its premises, ejecting invited guests, and creating a large crowd in the parking lot, and failing to warn Michael Paul Roberts, Jr. about the dangers of attending the event.

46.     In Count 2 of the Complaint, the Underlying Plaintiffs allege that Via Entertainment, LLC's negligence was the proximate cause of the subject incident and the death of Michael Paul Roberts, Jr.[4]

47.     In Count 5 of the Complaint, the Underlying Plaintiffs allege that David Ward, as the promoter of an event held out to take place on March 9, 2018 and into the morning hours of March 10, 2018 at the Leesburg Mall, owed Michael Paul Roberts, Jr. a duty to exercise reasonable care in the planning, operation, safety, and management of the event in a reasonably careful and prudent manner.

48.     In Count 5 of the Complaint, the Underlying Plaintiffs allege that on or about March 9th and 10th, 2018, David Ward breached his duty of care by *inter alia:* failing to properly supervise and manage the event and failed to warn about the dangers of the event.

---

[4] The allegations of negligence in Count 11 of the Complaint by Nia Davis against Via Entertainment, LLC are identical in all respects to the allegations against it Count 2.

49. In Count 5 of the Complaint, the Underlying Plaintiffs allege that David Ward's negligence caused was the proximate cause of the subject incident and the death of Michael Paul Roberts, Jr.[5]

C. **Pertinent Provisions of the Member Policy**

50. The Member Policy purchased by Ward through the Event Helper program provides an Insuring Agreement for "Bodily Injury and Property Damage Liability" that states in relevant part as follows:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

  **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

  **b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

---

[5] The allegations of negligence in Count 14 of the Complaint by Nia Davis against David Ward are identical in all respects to the allegations against him in Count 5.

*        *        *

51.    The Member Policy defines "Bodily Injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

52.    The Member Policy defines "Occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

53.    The Member Policy contains the following Additional Insured – Designated Person or Organization Endorsement (CG 20 26 07 04), which states in relevant part as follows:

## ADDITIONAL INSURED – DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

| Name Of Additional Insured Person(s) or Organization(s) |
| --- |
| David ward<br>Via food and beverage<br>Via entertainment LLC<br>10401 US 441<br>Leesburg, FL 34748 |
| **Information required to complete this Schedule, if not shown above will be shov in the Declarations** |

**Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury",

"property damage", or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

**A.** In the performance of your ongoing operations; or
**B.** In connection with your premises owned by or rented to you.

\* \* \*

54.     The Member Policy contains the following Combination General Endorsement (MEGL 0001 08 14), which states in relevant part as follows:

\* \* \*

**B.** The following is added to **Section II – Who is An Insured**:

When coverage does not apply for the Named Insured, no coverage or defense shall be afforded to any Additional Insured under this policy.

\* \* \*

**D.        Evanston Reserves Rights**

55.     By letter dated October 10, 2019, Evanston offered to provide a defense to the Via Entities in the Underlying Action subject to a reservation of rights, including a reservation of Evanston's right to withdraw the defense upon due notice should a determination be made that there is no coverage available under the terms of the Member Policy.

56.     A true and copy of Evanston's reservation of rights to the Via Entities is attached as *Exhibit 7*.

57.     By letter dated October 22, 2019, Evanston offered to provide a defense to David Ward in the Underlying Action subject to a reservation of rights, including a reservation of Evanston's right to withdraw the defense upon due notice should a determination be made that there is no coverage available under the terms of the Member Policy.

11

58.     A true and correct copy of Evanston's reservation of rights to David Ward is attached as *Exhibit 8.*

**COUNT I**
**DECLARATORY JUDGMENT**
**THE BODILY INJURIES SUSTAINED BY THE UNDERLYING PLAINTIFFS DID NOT OCCUR DURING THE POLICY PERIOD OF THE EVANSTON POLICY**

59.     Evanston incorporates the allegations set forth within paragraphs 1 through 58 of the Complaint for Declaratory Judgment as if fully set forth herein.

60.     The Insuring Agreement for Coverage A of the Evanston Policy provides coverage for damages because of "bodily injury" "to which this insurance applies."

61.     The Insuring Agreement for Coverage A of the Evanston Policy applies to "bodily injury" only if "bodily injury" "occurs during the policy period."

62.     The Evanston Policy provides coverage for the one-day policy period from March 9, 2018 to March 10, 2018 at 12:01 a.m. Eastern Standard Time.

63.     The subject event, which took place at the Leesburg Mall, began on March 9, 2018, and continued overnight to March 10, 2018.

64.     Nia Davis and Michel Paul Roberts, Jr. sustained bodily injuries in the subject crash on March 10, 2018.

65.     As stated in the Florida Traffic Crash Report, the time of the subject crash was approximately 12:53 a.m. EST on March 10, 2018.  *Exhibit 5.*

66.      The Evanston Policy expired on March 10, 2018 at 12:01 a.m. EST.

67.     The bodily injuries sustained by Nia Davis and Michel Paul Roberts, Jr. occurred after the Evanston Policy had expired.

68.     The Complaint seeks damages for bodily injuries that did not occur during the policy period of the Evanston Policy.

69.     Therefore, Evanston has no duty to defend or indemnify the Via Entities and David Ward under the terms of the Evanston Policy in connection with the Underlying Action.

WHEREFORE, Evanston requests that this Court enter a final declaratory judgment that Evanston owes no duty to defend or indemnify David Ward and the Via Entities in connection with the Underlying Action, together with any further relief this Court deems appropriate.

**COUNT II**
**DECLARATORY JUDGMENT**
**THERE IS NO ADDITIONAL INSURED COVERAGE UNDER THE EVANSTON POLICY FOR THE VIA ENTITIES FOR THE UNDELRYING ACTION**

70.     Evanston incorporates the allegations set forth within paragraphs 1 through 58 as if fully set forth herein.

71.     The Via Entities may qualify as Additional Insureds under the Evanston Policy, but only with respect to liability for "bodily injury" that was "caused, in whole or in part" by David Ward's acts or omissions in the performance of David Ward's ongoing operations.

72.     The Complaint does not allege that the Via Entities are liable for "bodily injury" that was "caused, in whole or in part" by David Ward's acts or omissions in the performance of David Ward's ongoing operations.

73.     Counts 1 and 10 of the Complaint allege that Via Food & Beverage, LLC's acts of negligence include that Via Food & Beverage, LLC failed to obtain a permit for the event, failed to foresee large crowds that would be at the event, failed to communicate with David Ward about the maximum number of people allowed on the premises, failed to set up a traffic flow plan for the parking lot, failed to hire police for traffic and crowd control, increased the danger to attendees by closing down its premises, ejecting invited guests, and creating a large crowd in the parking lot.

74.     Counts 2 and 11 of the Complaint allege that Via Entertainment, LLC's acts of negligence include that Via Entertainment LLC failed to obtain a permit for the event, failed to foresee

large crowds that would be at the event, failed to communicate with David Ward about the maximum number of people allowed on the premises, failed to set up a traffic flow plan for the parking lot, failed to hire police for traffic and crowd control, increased the danger to attendees by closing down its premises, ejecting invited guests, and creating a large crowd in the parking lot.

75.     The Complaint alleges that the Via Entities' liability for injuries to Michael Paul Robert, Jr. and Nia Davis was caused by the Via Entities' own acts or omissions, not solely by the acts or omissions of David Ward.

76.     Therefore, Evanston has no duty to defend or indemnify the Via Entities as Additional Insureds under the Evanston Policy in connection with the Underlying Action.

WHEREFORE, Evanston requests that this Court enter a final declaratory judgment that Evanston owes no duty to defend or indemnify the Via Entities as Additional Insureds under the Evanston Policy in connection with the Underlying Action, together with any further relief this Court deems appropriate.

Date:     November 1, 2019

Respectfully submitted,

/s/ Josh Levy
**JOSH LEVY**
FBN: 668311
**JEDIDIAH VANDER KLOK**
FBN: 84766
Kennedys LLP
1395 Brickell Avenue
Suite 640
Miami, FL 33131
Tel: (305) 371-1111
Email: josh.levy@kennedycmk.com
Email: jedidiah.vanderklok@kennedyslaw.com
Email: greter.medina@kennedyslaw.com
*Attorneys for Evanston Insurance Company*